IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** § § § § § § § § § | |
| **v.** | **CASE NUMBER 6:99-CR-00036-JDK** |
| **RONNIE EDWARD BURDEN,** | |

# REPORT & RECOMMENDATION OF
# UNITED STATES MAGISTRATE JUDGE

On December 10, 2024, the court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant Ronnie Edward Burden. The government was represented Bob Wells, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Jonathan Hyatt, Federal Public Defender.

Defendant originally pled guilty to the offense of Felon in Possession of a Firearm, a Class A felony. This offense carried statutory maximum imprisonment terms of life. The guideline imprisonment range, based on a total offense level of 30 and a criminal history category of VI, was 180 to 210 months. On November 22, 1999, U.S. District Judge William Steger of the Eastern District of Texas sentenced Defendant to 180 months imprisonment, followed by 3 years of supervised release subject to the standard conditions of release, plus special conditions to include drug and alcohol treatment and testing. On February 1, 2013, Defendant completed his period of imprisonment and began service of the supervision term.

Under the terms of supervised release, Defendant was required to refrain from committing any federal, state, or local crime. In its petition, the government alleges that Defendant violated

1

his conditions of supervised release when he was arrested by Athens police for sexual assault of a child on August 9, 2013. At the hearing on this petition, however, counsel explained that Defendant was subsequently convicted of indecency with a child, a Grade B supervised release violation.

If the court finds by a preponderance of the evidence that Defendant violated the conditions of supervised release by committing the criminal offense of indecency with a child, Defendant will have committed a Grade B violation. U.S.S.G. § 7B1.1(a). Upon finding of a Grade B violation, the court shall revoke supervised release. U.S.S.G. § 7B1.3(a)(1). Considering Defendant's criminal history category of VI, the Guideline imprisonment range for a Grade B violation is 21 to 27 months. U.S.S.G. § 7B1.4(a).

At the hearing, the parties indicated that they had come to an agreement to resolve the petition whereby Defendant would plead true to the Grade B violation of the conditions of supervision referenced above. In exchange, the government recommended to the court a sentence of 27 months imprisonment with no supervised release to follow, to run consecutive to the state sentence imposed in Case No. A-20699 in the 173rd District Cout of Henderson County, Texas.

The court therefore **RECOMMENDS** that Defendant's plea of true be accepted and that he be sentenced to 27 months imprisonment with no supervised release to follow to run consecutive to the state sentence imposed in Case No. A-20699 in the 173rd District Cout of Henderson County, Texas. The court further **RECOMMENDS** that Defendant serve his sentence at FCI Seagoville, TX, if available, and that Defendant receive drug and alcohol treatment. The parties waived their right to objections so this matter shall be immediately presented to the District Judge for consideration.

So ORDERED and SIGNED this 11th day of December, 2024.

2

*John D. Love*
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE